```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

JOHN C. GLIHA,

    Plaintiff,

v.                                    Case No. 8:14-cv-2059-T-33AEP

BANK OF AMERICA, N.A., ET AL,

    Defendants.
_____/

## ORDER

    This matter comes before the Court *sua sponte*. On August 22, 2014, John C. Gliha initiated this declaratory action against Bank of America, N.A.; Fulton County, Georgia; Tom Campbell; The Lily Group; Joan Leblanc; The Lily Group LLC; Lefkoff, Rubin, Gleason & Russo, P.C.; Craig B. Lefkoff; Adam S. Russo; Philip L. Rubin; Alexandra K. Kraus; Paul J. Morochnik; Weissmann Zucker Eusster Morochnik, P.C.; David Weissman; James McKay; Fulton County Superior Court of Georgia; John Does 1-10; and the State of Georgia (See Doc. # 1). Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter.

## Discussion

    "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever

the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Gliha's Complaint liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

In his Complaint, Gliha argues that this Court has jurisdiction as "the relief sought by [Gliha arises] under the Federal Declaratory Relief Act and the subject matter of

this [C]omplaint involves the unlawful taking of federal benefits that are protected under the Social Security Act." (Doc. # 1 at 1). However, a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

The Complaint contains a disorderly mass of information, making it difficult for this Court to decipher the claims Gliha is asserting against Defendants. However, a careful review of the Complaint demonstrates that the relief sought stems from Gliha's disagreement with a state court judgment entered against him and the subsequent garnishment proceedings carried out to enforce that judgment.

The federal district courts do not sit in an appellate capacity to review state court decisions. If Gliha is dissatisfied with a state court decision, the appropriate forum for review is the state appellate court. This Court has no power to review a state court decision. See Sitton v. United States, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United

States is strictly original. A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Federal courts have no authority to act as an appellate arm of the state courts."); Harper v. Chase Manhattan Bank, 138 F. App'x 130 (11th Cir. 2005)("Under the Rooker-Feldman abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."). As Gliha appears to disagree with the ruling of a state court judge, the appropriate remedy would be an appeal in the state court system, not in this Court.

In the event Gliha argues, in the alternative, that this Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332, this Court finds that Gliha has not met his burden of establishing that such jurisdiction exists. In order to sufficiently allege diversity jurisdiction, Gliha must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To demonstrate complete diversity, Gliha must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be

4

alleged . . . to establish diversity for a natural person." Furthermore, "[t]o sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company. . . ." See <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).

Upon review of the Complaint, Gliha has failed to definitively establish that diversity jurisdiction exists. As an initial matter, Gliha did not allege the citizenship of all parties to this action; specifically Defendants David Weismann and Tom Campbell. Furthermore, Gliha has only alleged his residence – Florida - not his citizenship. Nonetheless, even assuming Gliha is a citizen of Florida, Gliha admits that "Joan Leblanc d/b/a The Lily Group a/k/a The Lily Group LLC and the Lily Group LLC may or may not be a resident of the State of Florida." (Doc. # 1 at 12). Therefore, complete diversity does not exist.

Furthermore, the Court finds that Gliha has not established that the amount in controversy exceeds $75,000. Throughout the Complaint, Gliha indicates that "The plaintiff had a legally protected interest in the specific amount of money that was levied upon by the respondent, approximately $13,000, but the total amount of the claim is approximately

$42,000 and the defendants are continuing to make efforts to take more of the plaintiff's property and rights to property." (See Doc. # 1). Thus, diversity jurisdiction does not exist.

Having determined that the Court lacks jurisdiction, the Court dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record